**Order filed September 24, 2020.**



In the

# Fourteenth Court of Appeals

_____

## NO. 14-19-00506-CV
_____

## MICHAEL REEVES, Appellant

**v.**

## CENTRAL HOUSTON NISSAN, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2018-55206**

---

## ORDER STAYING APPEAL

On September 21, 2020, appellee Central Houston Nissan filed with the court a notice that before filing this litigation, pro se appellant Michael Reeves was found to be a vexatious litigant prohibited from filing, pro se, new litigation in Texas courts without seeking the permission of the local administrative judge of

1

the court in which he intended to file the litigation.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), (e), .102(a)(1), .1035. There is no indication in the record before us that Reeves obtained the required permission to file this litigation, so it appears that this litigation was mistakenly filed by the trial court clerk.[2]

[1] A district court determined Reeves was a vexatious litigant subject to Civil Practice and Remedies Code chapter 11 and ordered that he "is hereby prohibited from filing, *in propia persona*, any new litigation in a court in the State of Texas without first obtaining approval to do so from the local administrative judge of the court in which [he] seeks to file the litigation." *See Reeves v. Tex. Dep't of Ins., Div. of Worker's Comp.*, No. DC-06-07706-G (134th Dist. Ct., Dallas County, Tex. Nov. 8, 2006), *aff'd*, No. 05-07-00020-CV, 2007 WL 3293629, at *1 (Tex. App.—Dallas Nov. 8, 2007, no pet.). He filed the underlying case in this appeal on August 16, 2018.

[2] Civil Practice and Remedies Code section 11.103(a) states, "a clerk of a court *may not* file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102 (a) permitting the filing." Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (emphasis added). The Code Construction Act states, "'May not' imposes a prohibition and is synonymous with 'shall not.'" Tex. Gov't Code Ann. § 311.016(5). Civil Practice and Remedies Code section 11.1035(a) states, "If the clerk mistakenly files litigation presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 without an order from the appropriate local administrative judge described by Section 11.102 (a), any party *may* file with the clerk and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation." Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(a) (emphasis added). The Code Construction Act states, "'May' creates discretionary authority or grants permission or a power." Tex. Gov't Code Ann. § 311.016(1).

While it would have been preferable for appellee to have filed a notice with the clerk at trial stating that the plaintiff is a vexatious litigant subject to a prefiling order, chapter 11 neither sets a time limit for filing such notice, nor places a requirement on other parties; instead, chapter 11 prohibits the clerk from filing a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order. Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a). Accordingly, there is no complaint that should have been made to the trial court that requires preservation as a prerequisite for presenting a complaint for appellate review. *See* Tex. R. App. P. 33.1(a).

As required by Civil Practice and Remedies Code section 11.1035(b), we order this appeal stayed. *See id.* § 11.1035(b). We will dismiss the litigation,[3] *i.e.*, dismiss this appeal, vacate the trial court's judgment, and dismiss the case in the trial court, unless no later than October 1, 2020, Reeves obtains an order from the local administrative judge for the 113th Judicial District Court of Harris County, where this litigation was filed, permitting filing of the litigation.[4] *See id.* (court to dismiss litigation if vexatious litigant does not obtain order "permitting the filing of the litigation" "not later than the 10th day after the date the notice is filed"); *see also id.* § 11.102(a)(1) (vexatious litigant must seek permission from "the local administrative judge of the type of court in which the vexatious litigant intends to file").

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.

---

[3] "'Litigation' means a civil action commenced, maintained, or pending in any state or federal court." Tex. Civ. Prac. & Rem. Code Ann. § 11.01(2).

[4] An involuntary dismissal of litigation under Civil Practice and Remedies Code section 11.1035(b) differs from an involuntary dismissal of the appeal under Texas Rule of Appellate Procedure 42.3, as section 11.1035(b) requires dismissal of the litigation.